# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>AS WIND DOWN LLC (f/k/a Avenue Stores, LLC), *et al.*[1],<br><br>　　　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 19-11842-LSS<br><br>(Jointly Administered) |
| DAVID W. CARICKHOFF, TRUSTEE,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>VGS INTERNATIONAL INC. f/k/a TANZARA INTERNATIONAL<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No.: 21-50461-LSS |

## VGS INTERNATIONAL INC. F/K/A TANZARA INTERNATIONAL'S ANSWER AND AFFIRMATIVE DEFENSES

VGS International Inc. f/k/a Tanzara International (the "Defendant"), by and through undersigned counsel, submits this Answer to the Complaint of David W. Carickhoff (the "Plaintiff"), filed on May 14, 2021 (the "Complaint"), and states and alleges as follows:

## THE PARTIES

1.　　　The Defendant is informed and believes that the status of the case is as reflected in the Court records, but except as so admitted, denies each and every allegation of paragraph 1 of the Complaint.

2.　　　The Defendant is informed and believes that the status of the case is as reflected

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: AS Wind Down, LLC (f/k/a Avenue Stores, LLC) (0838); OURGII Wind Down, LLC (f/k/a Ornatus URG Holdings, LLC) (1146); OURGRE Wind Down, LLC (f/k/a Ornatus URG Real Estate, LLC) (9565); and OURGGC Wind Down, LLC (f/k/a Ornatus URG Gift Cards, LLC) (9203).

1

in the Court records, but except as so admitted, denies each and every allegation of paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, the Defendant admits only to the extent that the Defendant is a corporation formed under the laws of the State of New York and that its principal place of business is correct. Paragraph 3 is denied in all other respects.

## JURISDICTION AND VENUE

4. In response to paragraph 4, the Defendant denies. The Complaint contains non-core claims. The Defendant affirmatively objects to jurisdiction in this case and specifically denies jurisdiction. The Defendant does not waive any objection connected to jurisdiction. In the event that this Court does find that it has jurisdiction, the Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court, and does not consent to the entry of a final order by the Bankruptcy Court.

5. In response to paragraph 5, the Defendant denies. The Complaint contains non-core claims. The Defendant affirmatively objects to jurisdiction in this case and specifically denies jurisdiction. The Defendant does not waive any objection connected to jurisdiction. In the event that this Court does find that it has jurisdiction, the Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court, and does not consent to the entry of a final order by the Bankruptcy Court.

6. In response to paragraph 6, the Defendant denies. The Complaint contains non-core claims. The Defendant affirmatively objects to jurisdiction in this case and specifically denies jurisdiction. The Defendant does not waive any objection connected to jurisdiction. In the event that this Court does find that it has jurisdiction, the Defendant reserves its right to a jury

trial before the District Court, does not consent to a jury trial before the Bankruptcy Court, and does not consent to the entry of a final order by the Bankruptcy Court.

7. In response to Paragraph 7 of the Complaint, the Defendant admits.

## BASIS FOR RELIEF REQUESTED

8. Paragraph 8 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## FACTS

9. The Defendant admits that a document described in paragraph 9 of the complaint is attached as Exhibit B. Paragraph 9 of the Complaint is denied in all other respects.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10 of the Complaint. To the extent a response is required, the Defendant denies paragraph 10 of the Complaint.

11. The first sentence of paragraph 11 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 11 of the Complaint. To the extent a response is required, the Defendant denies the second sentence of paragraph 11 of the Complaint.

## FIRST CLAIM FOR RELIEF
(Avoidance of Preference Period Transfers – 11 U.S.C. §547)

12. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 11 above.

13. In response to paragraph 13 of the Complaint, the Defendant denies.

14. In response to paragraph 14 of the Complaint, the Defendant denies.

15. In response to paragraph 15 of the Complaint, the Defendant denies.

16. In response to paragraph 16 of the Complaint, the Defendant denies.

17. In response to paragraph 17 of the Complaint, the Defendant denies.

18. In response to paragraph 18 of the Complaint, the Defendant denies.

19. In response to paragraph 19 of the Complaint, the Defendant denies.

20. In response to paragraph 20 of the Complaint, the Defendant denies.

21. Paragraph 21 of the complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies paragraph 21 of the Complaint.

### SECOND CLAIM FOR RELIEF
(Recovery of Property – 11 U.S.C. § 550)

22. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 21 above.

23. In response to paragraph 23 of the Complaint, the Defendant denies.

24. Paragraph 24 of the complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies paragraph 24 of the Complaint.

### THIRD CLAIM FOR RELIEF
(Objection to Claim No. 281 – Disallowance Under 11 U.S.C. § 502(d))

25. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 24 above.

26. In response to paragraph 26 of the Complaint, the Defendant admits.

27. In response to paragraph 27 of the Complaint, the Defendant denies.

28. Paragraph 28 of the complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies paragraph 28 of the Complaint.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff. The Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorney's fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

29. Without conceding that the Defendant has the burden of proof on any of the issues below, the Defendant asserts the following defenses.

### FIRST AFFIRMATIVE DEFENSE

30. The Plaintiff is barred from recovering the alleged preference transfers (the "Preference Transfers") to the extent that the Preference Transfers were:

    (A) in payment of a debt or debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant;

    (B) made in the ordinary course of business or financial affairs of the Debtors and the Defendant, or

    (C) made according to ordinary business terms.

31. Pursuant to 11 U.S.C. § 547(c)(2), such Preference Transfers are not avoidable by the Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

32. The Plaintiff is barred from recovering the Preference Transfers to extent that the Preference Transfers were:

  (A) intended by the Debtors and the Defendant to or for whose benefit such Transfers were made to be a contemporaneous exchange for new value given to the Debtors; and

  (B) in fact, were substantially contemporaneous exchange(s).

33. Pursuant to 11 U.S.C. § 547(c)(1), such Preference Transfers are not avoidable by the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

34. The Plaintiff is barred from recovering the Preference Transfers to the extent that the Preference Transfers were to or for the benefit of the Defendant, to the extent that, after such transfers, the Defendant gave new value to or for the benefit of the Debtors.

  (A) not secured by an otherwise unavoidable security interest; and

  (B) on account of which new value the Debtors did not make otherwise unavoidable transfers to or for the benefit of the Defendant.

35. Pursuant to 11 U.S.C. 547(c)(4), such Preference Transfers are not avoidable by the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

36. The Plaintiff is barred from recovering the Transfers by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

37. The Plaintiff's actions are barred under the doctrines of estoppel and *res judicata* to the extent that this action could have and should have been litigated at the time of Debtors' objections to the Defendant's claim, if and, under 11 U.S.C. 502(d).

## SIXTH AFFIRMATIVE DEFENSE

38. The Defendant denies these allegations to the extent that the Defendant has earmarking or a conduit defense.

## SEVENTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

40. To the extent applicable, the Plaintiff's claims are barred by the doctrine of necessity.

## NINTH AFFIRMATIVE DEFENSE

41. The Plaintiff's claims are barred in whole or in part by setoff and/or recoupment.

## TENTH AFFIRMATIVE DEFENSE

42. The Plaintiff cannot recover the Transfers because they were never the property of the Debtors' estate.

## ELEVENTH AFFIRMATIVE DEFENSE

43. The Defendant denies these allegations to the extent that the Defendant was not an initial transferee within the meaning of 11 U.S.C. § 550 and acted as a mere conduit.

## TWELFTH AFFIRMATIVE DEFENSE

44. To the extent applicable, the Plaintiff's claims are barred by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

45. The Plaintiff lacks standing to bring this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

46. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend their answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiff may have in connection with the claims asserted in the Complaint.

### JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IF ANY.

Dated: July 9, 2021

          **Respectfully submitted,**

          **The Law Office of James Tobia, LLC**
          By:   /s/ *James Tobia*
          James Tobia, Esquire (I.D. No. 3798)
          1716 Wawaset Street
          Wilmington, DE 19806
          Tel. (302) 655-5303
          Fax (302) 656-8053
          Email: jtobia@tobialaw.com

          and

          **JONES & ASSOCIATES**
          By: */s/ Roland Gary Jones*
          Roland Gary Jones, Esq.
          New York Bar No. RGJ-6902
          1325 Avenue of the Americas
          28th Floor
          New York, NY 10019
          Tel. (347) 862-9254
          Fax (212) 202-4416
          Email: rgj@rolandjones.com
          *Pro hac vice motion to be filed.*

          *Counsels for the Defendant*